**SO ORDERED.**

**SIGNED this 3 day of January, 2019.**



_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# NEW BERN DIVISION

IN RE:                                                                                                    CASE NO. 18-02021-5-DMW

**DAVID JEFFREY COLLINS**
**TERESA TREMAIN COLLINS**
                                                                                                              CHAPTER 11
        **DEBTORS**

## ORDER CONFIRMING REJECTION OF LEASE AGREEMENT
## AND DIRECTING SURRENDER OF LEASED PROPERTY

This matter comes before the court upon the Emergency Motion for Order Confirming Rejection of Lease of Nonresidential Real Property and Compelling Surrender of Property Pursuant to § 365(d)(4) ("Lease Motion") filed by Neil Thompson, the Executor of the Estate of Kavi E. Morton, Jr. ("Morton Estate") on December 19, 2018 and the Response thereto filed by David Jeffrey Collins and Teresa Tremain Collins ("Debtors") on December 27, 2018.  The court conducted a telephonic hearing on December 28, 2018.  Blake Y. Boyette, Esq. appeared for the Morton Estate, George M. Oliver, Esq. appeared for the Debtors, and Brian C. Behr, Esq. appeared for the United States Bankruptcy Administrator.  Based upon the evidence presented and arguments of counsel, the court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) which the court has the authority to hear and determine pursuant to 28 U.S.C. § 157(b)(1). The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334 and the General Order of Reference entered on August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. The Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code[1] on April 23, 2018 ("Petition Date") and are currently operating as debtors-in-possession pursuant to § 1107.

3. Prior to the Petition Date, the Debtors entered into a year-to-year lease agreement ("Lease") pursuant to which they leased from the Morton Estate approximately 222 acres of real property farmland ("Property") located in Onslow County, North Carolina. Pursuant to state law, the annual lease term commences on December 1st of each applicable year. On the Petition Date, the Lease constituted an unexpired lease of nonresidential real property.

4. The Bankruptcy Code provides that "the trustee,[2] *subject to the court's approval*, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a) (emphasis added). The Debtors' ability to assume or reject the Lease is governed by § 365(d)(4) which provides as follows:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
>
> (i) the date that is 120 days after the date of the order for relief; or
>
> (ii) the date of the entry of an order confirming a plan.

---

[1] Except for within formal citations, all references to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, will be by section number only.

[2] In a Chapter 11 case, a debtor-in-possession has, with limited exceptions, all the rights and powers and shall perform all the duties of a trustee. *See* 11 U.S.C. § 1107(a).

(B)

    (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

    (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4).

    5.    Under § 365(d)(4), the Debtors had until the earlier of 120 days after the Petition Date, that date being August 21, 2018, or the entry of an order confirming a plan to assume or reject the Lease. The Debtors filed a Chapter 11 Plan ("Plan") on August 6, 2018, and on August 14, 2018, they filed an Application for Extension of Time requesting the court to extend the time within which they may assume or reject certain unexpired leases of nonresidential real property under which they are lessees ("Real Property Leases"), including the Lease, until up to and including the effective date of the Plan. Recognizing that such an open-ended extension is not permissible under § 365(d)(4), the court only allowed an extension until November 19, 2018 for the Debtors to assume or reject the Real Property Leases. This ruling is set forth in an Order Allowing Extension of Time entered on September 19, 2018.

    6.    On November 19, 2018, the Debtors filed a Second Application for Extension of Time, again requesting that the time within which they may assume or reject the Real Property Leases be extended up until and including the effective date of the Plan. On December 6, 2018, the Morton Estate filed an Objection to Second Application for Extension of Time, asserting that it had not, and would not, give written consent as required by § 365(d)(4)(B)(ii) for any additional extension of time within which the Debtors may assume or reject the Lease. The Debtors withdrew the Second Application for Extension of Time on December 19, 2018.

7. On December 18, 2018, the Debtors tendered to the Morton Estate a check for the amount of $21,000.00 owed under the Lease for the current 2018 crop year, and this check is being held by the Morton Estate pending resolution of the Lease Motion.

8. In the Lease Motion, the Morton Estate requests the court to adjudicate that the Debtors' failure to assume or reject affirmatively the Lease prior to November 19, 2018 deems the Lease rejected, requiring the Debtors to surrender immediately the Property to the Morton Estate. The Debtors counter that they effectively assumed the lease on November 1, 2018, because neither they nor the Morton Estate gave a 30-day statutory notice to quit the Lease for the term commencing on December 1, 2018. The Debtors further note that the Morton Estate accepted their check for payment under the Lease for the 2018 crop year.

9. Section 365(a) provides clearly that court approval is required for the assumption or rejection of an executory contract or unexpired lease, and the Federal Rules of Bankruptcy Procedure elaborate that "[a] proceeding to assume, reject, or assign an executory contract or unexpired lease, other than as part of a plan, is governed by Rule 9014 [pertaining to contested matters]." Fed. R. Bankr. P. 6006(a). Rule 9014 dictates that "relief *shall be requested by motion*, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9014(a) (emphasis added). Either rejection or assumption requires court approval, and an assumption must be specifically sought in a motion and "cannot be implicitly assumed or assumed by conduct." *In re Stiletto Mfg., Inc.*, 588 B.R. 762, 765-66 (Bankr. E.D.N.C. 2018).

10. The Debtors' arguments are similar to those made by the Chapter 11 debtor in *In re BDM Corp.*, 71 B.R. 142 (Bankr. N.D. Ill. 1987). In this case, the debtor did not file a motion to assume its lease of nonresidential real property within the time prescribed by § 365(d)(4), but

the debtor's president stated under oath at the first meeting of creditors that the debtor intended to honor all existing lease agreements and communicated this "oral assumption" to the lessor. *Id.* at 143. The debtor contended that the statements of its president combined with it making all post-petition rental payments amounted to an effective assumption of the lease. *Id.* at 143-44. The court disagreed and, similar to this court in *Stiletto Mfg.*, held that "[b]ased on a reading of section 365 in its entirety, together with the language of Bankruptcy Rules 6006 and 9014 . . . the only method of declaring an intention to assume is by filing a formal motion to assume within $60^3$ days of the order for relief and that failure to do so will result in the lease being deemed rejected by operation of law." *Id.* at 144. "To not follow these rather explicit rules would be to lead us back into the morass of attempting to judge the meaning and import of the conduct and conversations of the parties." *Id.* at 144-45 (quoting *Treat Fitness Ctr., Inc. v. Rainbow Inv. Co. (In re Treat Fitness Ctr., Inc.)*, 60 B.R. 878, 879 (9th Cir. B.A.P. 1986)). The court concluded that such a morass—

> is precisely the type of situation this court is presently faced with as to what was said and meant by the debtor at the first meeting of creditors. Assumption by implication or action, rather than by filing a formal motion, "inevitably leads to the confusion and uncertainty exemplified by this case." With respect to the lessor's acceptance of rent payments, such actions cannot constitute a waiver of the lessor's rights under section 365(d)(4) and section $365(d)(3)^4$ expressly so provides. Moreover, the lessor herein did nothing to cause the debtor to forego seeking court approval of its assumption through the filing of a motion to assume so as to be estopped from claiming the rejection and termination of the lease by operation of section 365(d)(4).

*Id.* at 145 (quoting *Sealy Uptown v. Kelly Lyn Franchise Co., Inc. (In re Kelly Lyn Franchise Co., Inc.)*, 26 B.R. 441, 444 (Bankr. M.D. Tenn. 1983) (other citations omitted)).

---

[3] At the time of the *BDM Corp.* case, § 365(d)(4) provided for only 60 days from the order for relief for the trustee to assume or reject an unexpired lease of nonresidential real property.

[4] "The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. . . . Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title." 11 U.S.C. § 365(d)(3).

11. The Debtors never filed a motion to assume the Lease, and the court cannot and will not interpret them not giving the Morton Estate notice of an intention to quit or not renew the Lease as an assumption under § 365. The Debtors' decision to file the Second Application for Extension of Time contradicts this argument, because no further extension of time would be needed if the Lease had already been assumed timely. The court makes no inference that any inaction by the Morton Estate to quit or to terminate the Lease equates to assumption or equivocation to a renewal. Any attempt by the Morton Estate to terminate the annual renewal could have been a violation of the automatic stay imposed by § 362. The Debtors' failure to move timely for an assumption of the Lease or to obtain the Morton Estate's written consent for an additional extension of time within which to assume or reject the Lease resulted in the Lease being rejected and terminated by operation of § 365(d)(4) on November 19, 2018.

12. With the deemed rejection of the Lease, § 365(d)(4) requires that the Debtors immediately surrender the Property to the Morton Estate, without the need for relief from the automatic stay and eviction proceedings under state law. *See In re Tubular Tech., LLC*, 348 B.R. 699, 713 (Bankr. D.S.C. 2006) (finding that pursuant to the Constitution's Bankruptcy Clause and Supremacy Clause, the Bankruptcy Code's requirement for immediate turnover of nonresidential real property following rejection of lease pre-empts state law regarding landlord-tenant relations). Upon proper application to the court under § 503(b), the Morton Estate may be entitled to payment of post-petition rent due under the Lease as an administrative expense; now therefore,

It is ORDERED, ADJUDGED, and DECREED as follows:

1. The Lease be, and hereby is, deemed rejected as of November 19, 2018;

2. The Debtors be, and hereby are, directed to surrender the Property to the Morton Estate by January 5, 2019; and

3.      The Morton Estate shall have 60 days from the date of this Order within which to file an application for administrative expense pursuant to § 503(b) for post-petition rent due under the Lease.

**END OF DOCUMENT**